## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**HENRY METZ**

       **Plaintiff,**

**v.**                  **//**    **CIVIL ACTION NO. 1:15CV236**
                                       **(Judge Keeley)**

**EASTERN ASSOCIATED COAL, LLC.,**
               **Defendant.**

## MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO AMEND [DKT. NO. 2] AND MOTION TO REMAND [DKT. NO. 7]; DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM [DKT. NO. 5] <u>AND MOTION TO DISMISS AMENDED COMPLAINT [DKT. NO. 18]</u>

Pending before the Court are multiple motions filed by both parties. The plaintiff, Henry Metz ("Metz"), has filed two motions. In the first, he moves to amend his original complaint (dkt. no. 2). In the second, he moves for remand based on his amended complaint (dkt. no. 7). The defendant, Eastern Associated Coal, LLC ("Eastern"), also has filed two motions to dismiss Metz's original and amended complaints (dkts. no. 5 and 18). These motions are fully briefed and ripe for review.

### I. BACKGROUND

Metz worked at the Martinka #1 coal mine from 1977 until its closure in 1993. Following that, he worked at the Martinka / Tygart River Mine until its closure on or about December 5, 1995. After being laid off, Metz became certified as an underground surface electrician, one of the requirements to hold the classification of

**MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S
MOTION TO AMEND [DKT. NO. 2] AND MOTION TO REMAND
[DKT. NO. 7]; DENYING AS MOOT DEFENDANT'S MOTION TO
DISMISS FOR FAILURE TO STATE A CLAIM [DKT. NO. 5]
AND MOTION TO DISMISS AMENDED COMPLAINT [DKT. NO. 18]**

mechanic. Also, in 1988, he had returned to school, where he earned a degree in Industrial Relations.

At all relevant times, Metz was a member of the United Mine Workers Association ("UMWA"). The UMWA has a collective bargaining agreement ("CBA") with Eastern, which provides the procedure for applying for jobs at Eastern that are subject to the CBA. One of those procedures required Metz to select the jobs for which he would like to be considered should a vacancy arise. Around May 21, 2012, Metz updated his list of jobs to include the positions of "mechanic" or "mechanic trainee."

Around July, 2012, Eastern posted positions for mechanic trainees at its Federal #2 mine. Metz was not selected; instead, Eastern filled the positions with existing employees of the Federal #2 mine. According to the complaint, under the CBA, if the "skills are presently available within the classified workforce" (i.e. qualified mechanics), Eastern was required to post vacancies for mechanics — not mechanic trainees. Finally, under the CBA, a member shall be considered for every job which he has listed on his panel form based on seniority, and the sole basis for determining

**MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S
MOTION TO AMEND [DKT. NO. 2] AND MOTION TO REMAND
[DKT. NO. 7]; DENYING AS MOOT DEFENDANT'S MOTION TO
DISMISS FOR FAILURE TO STATE A CLAIM [DKT. NO. 5]
AND MOTION TO DISMISS AMENDED COMPLAINT [DKT. NO. 18]**

seniority is based on length of service and ability to perform the work posted.

At the time he was passed over, Metz believed that he was not selected "simply because Defendant failed to adhere to the requirements of the CBA."[1] (Dkt. No. 15 at 2). Around January 15, 2014, however, he learned Don Mallard, Eastern's Manager of Human Resources, had stated at a grievance hearing that he did not hire Metz "because he was too old and wanted younger employees." Id. at 3.

Metz filed suit against Eastern in the Circuit Court of Monongalia County, West Virginia, on November 23, 2015 (dkt. no. 1-1). Eastern removed the case to this Court on December 21, 2015 (dkt. no. 1). Metz's original complaint asserted two counts:

---

[1]Metz does not elaborate on how Eastern specifically failed to adhere to the CBA. Presumably, Metz believes Eastern violated the CBA because they posted a job for a mechanic trainee when there were mechanics, such as he, available to fill that position; he should have been considered for the job because it was listed on his panel form; and he had seniority and the ability to perform the work. Furthermore, Metz makes no mention of any complaint or grievance he might have filed with Eastern or the UMWA in regards to the alleged violation of the CBA.

**MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S
MOTION TO AMEND [DKT. NO. 2] AND MOTION TO REMAND
[DKT. NO. 7]; DENYING AS MOOT DEFENDANT'S MOTION TO
DISMISS FOR FAILURE TO STATE A CLAIM [DKT. NO. 5]
AND MOTION TO DISMISS AMENDED COMPLAINT [DKT. NO. 18]**

- **Count I:** Violation of the Age Discrimination in Employment Act ("ADEA") (29 U.S.C. § 623, *et seq*.)
- **Count II:** Violation of the West Virginia Human Rights Act ("WVHRA") (W.Va. Code § 5-11-1, *et seq*.)

The complaint sought compensatory damages, compensation for mental and emotional distress, lost wages, the value of lost retirement benefits, costs and attorney fees, punitive damages, and any other appropriate relief. Notably, Metz sought monetary relief only "under and up to the limits of [Eastern's] insurance coverage" (dkt. no. 1-1 at 4; dkt. no. 15 at 3). This is because Eastern is bankrupt (dkt. no. 5 at 11; dkt. no. 16 at 3-4).

Following removal, Metz moved to amend his complaint as a matter of course on December 22, 2015 (dkt. no. 2). His amended complaint contains allegations identical to those in his original complaint, but omits his federal ADEA claim in Count I. Contemporaneously with his motion to amend, Metz moved to remand based on lack of subject matter jurisdiction as a consequence of his amendment removing the federal law claim (dkt. no. 7). Eastern opposes the motion, claiming the sole reason Metz seeks to amend is to move to remand (dkt. no. 13).

**MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S
MOTION TO AMEND [DKT. NO. 2] AND MOTION TO REMAND
[DKT. NO. 7]; DENYING AS MOOT DEFENDANT'S MOTION TO
DISMISS FOR FAILURE TO STATE A CLAIM [DKT. NO. 5]
AND MOTION TO DISMISS AMENDED COMPLAINT [DKT. NO. 18]**

**II. DISCUSSION**

**A.   Metz's Motion to Amend / Correct Complaint (Dkt. No. 2)**

When Metz filed his motion to amend on December 22, 2015, one day after removal, he attached his amended complaint to the motion. As amended, the complaint asserts one count for violation of the WVHRA.

Subsequently, Metz filed the amended complaint without a motion on January 7, 2016 (dkt. no. 15). It is unclear why initially he had moved to amend when Rule 15(a)(1) clearly allowed him to amend as a matter of course.

Rule 15 provides in pertinent part:

(a)   Amendments Before Trial.

      (1)   Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:
          (A)   21 days after serving it, or
          (B)   if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
      (2)   Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

**MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S**
**MOTION TO AMEND [DKT. NO. 2] AND MOTION TO REMAND**
**[DKT. NO. 7]; DENYING AS MOOT DEFENDANT'S MOTION TO**
**DISMISS FOR FAILURE TO STATE A CLAIM [DKT. NO. 5]**
**AND MOTION TO DISMISS AMENDED COMPLAINT [DKT. NO. 18]**

. . .

Fed. R. Civ. p. 15(a).

In its motions to dismiss, Eastern cites several cases for the proposition that courts should not allow post-removal amendment when the sole purpose is to defeat jurisdiction. None of these cases, however, involves amendment as a matter of course under Rule 15(a)(1); instead, they involve cases where defendants have moved for <u>leave to amend</u> under Rule 15 (a)(2). Eastern acknowledges that Metz may amend "as a matter of course, but [it] opposes this amendment to the extent it serves only as a precursor to elude this Court's jurisdiction."

Courts agree that "Rule 15 confers 'an absolute right to amend' when a plaintiff submits a timely amendment and no responsive pleading has been served." <u>Canales v. Sheahan</u>, 2016 WL 489896, at *2 (W.D.N.Y. 2016) (quoting <u>Peckham v. Scanlon</u>, 241 F.2d 761, 764 (7th Cir. 1957)); <u>see also</u> <u>Anderson v. USAA Cas. Ins. Co.</u>, 218 F.R.D. 307, 309 (D.D.C. 2003) ("According to our court of appeals, Rule 15(a) 'guarantee[s] a plaintiff an absolute right' to amend the complaint once at any time so long as the defendant has not served a responsive pleading and the court has not decided a

6

**MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S
MOTION TO AMEND [DKT. NO. 2] AND MOTION TO REMAND
[DKT. NO. 7]; DENYING AS MOOT DEFENDANT'S MOTION TO
DISMISS FOR FAILURE TO STATE A CLAIM [DKT. NO. 5]
AND MOTION TO DISMISS AMENDED COMPLAINT [DKT. NO. 18]**

motion to dismiss." (quoting <u>James V. Hurson Assocs., Inc. v.
Glickman</u>, 229 F.3d 277, 282-83 (D.C.Cir. 2000))).

Moreover, courts have found that, when a party has a right to
amend as a matter of course but seeks leave to amend, denial of
that leave is error. <u>See, e.g.</u>, <u>Peterson Steels v. Seidman</u>, 188 F.
2d 193, 194 (7th Cir. 1951). Accordingly, the Court **GRANTS** Metz's
motion to amend his complaint.

**B.    Metz's Motion to Remand (Dkt. No. 7)**

While amendment may be of right, remand is not. The Court
determines removal jurisdiction based on a snapshot of the state
court complaint at the time of removal. <u>See</u> <u>Dotson v. Elite
Oilfield Services, Inc.</u>, 91 F. Supp. 3d 865, 870 (N.D.W.Va. March
4, 2015) (citing <u>Cavallini v. State Farm Mut. Auto Ins. Co.</u>, 44
F.3d 256, 265 (5th Cir. 1995)). Nonetheless,"[i]f at any time
before final judgment it appears that the district court lacks
subject matter jurisdiction, the case shall be remanded." 28 U.S.C.
§ 1447(c).

It is undisputed that Metz's complaint stated a federal law
cause of action at the time of removal; thus, the Court could
exercise original jurisdiction over that claim pursuant to 28

**MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S
MOTION TO AMEND [DKT. NO. 2] AND MOTION TO REMAND
[DKT. NO. 7]; DENYING AS MOOT DEFENDANT'S MOTION TO
DISMISS FOR FAILURE TO STATE A CLAIM [DKT. NO. 5]
AND MOTION TO DISMISS AMENDED COMPLAINT [DKT. NO. 18]**

U.S.C. § 1331. The Court can also exercise supplemental jurisdiction over Metz's state law claim pursuant to 28 U.S.C. § 1367 because it is related to the federal law claim.

28 U.S.C. § 1367(c) outlines the grounds upon which courts may forego exercising supplemental jurisdiction:

> The district courts may decline to exercise supplemental jurisdiction over a [state law] claim . . . if-
> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

Pursuant to § 1367(c)(3), courts have consistently ruled that "'a federal district court has discretion under the doctrine of pendent[2] jurisdiction to remand a properly removed case to state court when all federal-law claims in the action have been eliminated and only pendent state-law claims remain.'" Wood v. Crane Co., 764 F.3d 316, 321 (4th Cir. 2014) (quoting Carnegie-

---

[2]Pendent jurisdiction was the predecessor to supplemental jurisdiction codified under 28 U.S.C. § 1367. The terms are used interchangeably.

**MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S
MOTION TO AMEND [DKT. NO. 2] AND MOTION TO REMAND
[DKT. NO. 7]; DENYING AS MOOT DEFENDANT'S MOTION TO
DISMISS FOR FAILURE TO STATE A CLAIM [DKT. NO. 5]
AND MOTION TO DISMISS AMENDED COMPLAINT [DKT. NO. 18]**

Mellon Univ. v. Cohill, 484 U.S. 343, 345 (1988)); see also Henry
v. UBC Product Support Center, Inc., 2008 WL 5378321, at *5
(N.D.W.Va. Dec. 24, 2008) ("[F]ederal courts have discretion
whether to keep claims arising under state law after the federal
claims have been dismissed . . . ." (citing United Mine Workers of
America v. Gibbs, 383 U.S. 715, 726-27 (1966))).

In addition to the grounds provided in § 1367(c), the Supreme
Court of the United States has instructed that courts should
consider "the principles of economy, convenience, fairness and
comity." Cohill, 484 U.S. at 350 (hereinafter the "Cohill
principles"). Of particular relevance to this case, the Cohill
court opined:

> When the balance of these factors indicates that a case
> properly belongs in state court, as when the federal-law
> claims have dropped out of the lawsuit in its early
> stages and only state-law claims remain, the federal
> court should decline the exercise of jurisdiction by
> dismissing the case without prejudice.

In a case with facts very analogous to those presented here,
this Court found that remand was proper. See Henry, 2008 WL
5378321. There, after Henry's state court complaint was removed,
the Court conducted a hearing, during which it gave Henry a

9

**MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO AMEND [DKT. NO. 2] AND MOTION TO REMAND [DKT. NO. 7]; DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM [DKT. NO. 5] AND MOTION TO DISMISS AMENDED COMPLAINT [DKT. NO. 18]**

deadline to file any motions to amend the pleadings or to remand. Henry amended her complaint, removing any reference to claims that could provide the basis for a federal claim or defense, and also moved to remand.

As a consequence of the complaint's amendment, the Court found that remand was proper, explaining:

> Here, because the claim over which the Court had original jurisdiction has been eliminated, the Court may properly decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c). Additionally, this action is still in its earliest stage; no trial or pretrial dates have been scheduled, nor has discovery commenced. Moreover, because the claims remaining in this case arise solely under West Virginia law, the principles of economy, convenience, fairness and comity favor remand. Indeed, should novel questions of state law under the WVHRA arise in this case, West Virginia courts certainly will be better positioned to answer them.
>
> Thus, as the United States Supreme Court recognized in Cohill, "[w]hen the single federal-law claim in the action was eliminated at an early state of the litigation, the District Court had a powerful reason to choose not to continue to exercise jurisdiction." 484 U.S. at 351.

Henry, 2008 WL 5378321 at *8 (emphasis added); see also Savilla v. Speedway Superamerica, LLC, 2004 WL 2359410, at *4 (S.D.W.Va. Aug. 25, 2004) (applying same analysis to similar case where federal claim was removed and court found that remand was appropriate).

10

**MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S
MOTION TO AMEND [DKT. NO. 2] AND MOTION TO REMAND
[DKT. NO. 7]; DENYING AS MOOT DEFENDANT'S MOTION TO
DISMISS FOR FAILURE TO STATE A CLAIM [DKT. NO. 5]
AND MOTION TO DISMISS AMENDED COMPLAINT [DKT. NO. 18]**

Eastern, on the other hand, posits that the Court should follow its previous ruling in Dotson, 91 F. Supp. 3d 865. Dotson, however, is distinguishable from the facts here, and far less instructive on the point in issue than is Henry. In Dotson, the Court addressed whether remand was warranted in the face of a fraudulently joined defendant. Even though the non-diverse defendant was in the case at the moment of removal, he had been fraudulently joined, and the Court concluded that it need not consider his citizenship for purposes of diversity. Id. at 874.

Finally, Eastern claims that Metz is simply engaging in forum shopping and removed his federal claim in bad faith. The Supreme Court addressed this very concern in Cohill:

> Petitioners also argue that giving district courts discretion to remand cases involving pendent state-law claims will allow plaintiffs to secure a state forum through the use of manipulative tactics. Petitioners' concern appears to be that a plaintiff whose suit has been removed to federal court will be able to regain a state forum simply by deleting all federal-law claims from the complaint and requesting that the district court remand the case. This concern, however, hardly justifies a categorical prohibition on the remand of cases involving state-law claims regardless of whether the plaintiff has attempted to manipulate the forum and regardless of the other circumstances in the case. A district court can consider whether the plaintiff has engaged in any manipulative tactics when it decides

**MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S
MOTION TO AMEND [DKT. NO. 2] AND MOTION TO REMAND
[DKT. NO. 7]; DENYING AS MOOT DEFENDANT'S MOTION TO
DISMISS FOR FAILURE TO STATE A CLAIM [DKT. NO. 5]
AND MOTION TO DISMISS AMENDED COMPLAINT [DKT. NO. 18]**

> whether to remand a case. If the plaintiff has attempted
> to manipulate the forum, the court should take this
> behavior into account in determining whether the balance
> of factors to be considered under the pendent
> jurisdiction doctrine support a remand in the case. The
> district courts thus can guard against forum manipulation
> without a blanket rule that would prohibit the remand of
> all cases involving pendent state-law claims.

484 U.S. at 357 (citations omitted); see also Wood v. Crane Co.,
764 F.3d 316, 321 (4th Cir. 2014) (citing Cohill).

To be sure, re-pleading a complaint does not divest this Court
of its jurisdiction. See Dotson, 91 F. Supp. 3d at 873-74
(collecting cases). Nevertheless, the fact that its jurisdiction
has not been divested in no way lessens the Court's discretionary
power to decide whether to remand. When weighing that choice, due
consideration of the factors in 28 U.S.C. § 1367(c) and the Cohill
principles is appropriate.

This case is much more analogous to Henry. It involves removal
of a federal claim, leaving only discretionary supplemental
jurisdiction over a state law claim. Thus, it falls squarely under
§ 1367(c)(3), which supports remand. Further, like Henry, this case
is in its infancy; no trial or pretrial dates have been scheduled,
and no discovery appears to have commenced beyond the initial

**MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S
MOTION TO AMEND [DKT. NO. 2] AND MOTION TO REMAND
[DKT. NO. 7]; DENYING AS MOOT DEFENDANT'S MOTION TO
DISMISS FOR FAILURE TO STATE A CLAIM [DKT. NO. 5]
AND MOTION TO DISMISS AMENDED COMPLAINT [DKT. NO. 18]**

disclosures.[3] In addition, "because the claims remaining in this case arise solely under West Virginia law, the principles of economy, convenience, fairness and comity favor remand." Henry, 2008 WL 5378321 at *8.

Accordingly, because the Cohill principles weigh in favor of remand, the Court **GRANTS** Metz's motion (dkt. no. 7) and **REMANDS** this case to the Circuit Court of Monongalia County.

**C.    Eastern's Motions to Dismiss (Dkt. Nos. 5 and 18)**

Having granted Metz's motion to amend his complaint, the Court finds that Eastern's motion to dismiss the original complaint has been rendered moot and, therefore, **DENIES as MOOT** that motion (dkt. no. 5). Furthermore, because the Court has granted Metz's motion to remand, it no longer retains jurisdiction to rule on Eastern's motion to dismiss Metz's amended complaint, and, accordingly, **DENIES as MOOT** that motion (dkt. no. 18).

---

[3]Moreover, no unfair delay or prejudice is present here because the motions to amend and remand were filed the day after the case was removed and a mere twenty-nine (29) days after the filing of the suit in state court. By contrast, in Henry the complaint was filed January 25, 2008, the case was removed over five months later, on June 9, 2008, and it was an additional three months after that before the plaintiff filed her motion to remand.

**MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S
MOTION TO AMEND [DKT. NO. 2] AND MOTION TO REMAND
[DKT. NO. 7]; DENYING AS MOOT DEFENDANT'S MOTION TO
DISMISS FOR FAILURE TO STATE A CLAIM [DKT. NO. 5]
AND MOTION TO DISMISS AMENDED COMPLAINT [DKT. NO. 18]**

### III. CONCLUSION

The Court:

1.  **GRANTS** Metz's motion to amend his complaint (dkt. no. 2);

2.  **GRANTS** Metz's motion to remand and **REMANDS** this case to
    the Circuit Court of Monongalia County (dkt. no. 7);

3.  **DENIES as MOOT** Eastern's motion to dismiss for failure to
    state a claim (dkt. no. 5);

4.  **DENIES as MOOT** Eastern's motion to dismiss plaintiff's
    amended complaint (dkt. no. 18); and

5.  **CANCELS** the Scheduling Conference on Friday, February 26,
    2016.

It is so **ORDERED**.

The Court directs the Clerk to transmit copies of this Order
to counsel of record and to the Clerk of the Circuit Court of
Monongalia County.

DATED: February 25, 2016


                                        /s/ Irene M. Keeley
                                        IRENE M. KEELEY
                                        UNITED STATES DISTRICT JUDGE